## M. W. LYONS, &c. *v.* JAMES CASSIDY.

Co-Tenancy—Use and Occupation—Estoppel to Claim Rent.
    Where, by the terms of a deed, a house was divided equally between the claimants at the time the deed was given to use by two families, a subsequent action cannot be maintained to recover for use of a portion of the house which was vacant at the date of the deed.

APPEAL FROM FLEMING CIRCUIT COURT.

October 25, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

On the 1st of January, 1865, appellants conveyed a part of a lot they then owned in Flemingsburg to appellee—reciting in the deed that the house upon the lot is not deeded away, but is to be kept in repair by the parties to the deed, and when taken down as it is a very old house, the materials are to be equally divided between them; more than one-half of said house stands on the ground conveyed, "and the parties wishing to use the house in common, while it stands, each party is to use the house as it is now used by the parties, it being divided as near equally as it can be, each party is to repair the said house so that two families can live in said house, part of the house being still on the lot not conveyed by this deed."

This action was originally brought to recover rent for the east room up stairs of the house referred to in said deed. Upon the allegation that the upstairs not being at the time of the division occupied no division of the upper story was made, that there are three upper rooms, two of which have been from the 24th of March, 1865, occupied by appellee and his tenant, while appellants have occupied but one and therefore, are entitled to recover $1.50 per month for the use and occupation of said room.

An amended petition was filed containing two paragraphs, the first one of which somewhat obscured by frequent references to, and quotations from the deed, and repetitions concludes by again asserting claim to compensation for the rent of the east room, the allegations therein being substantially the same as those of the original petition.

The second paragraph contains allegations that the house is old, dilapidated and unfit for habitation, and that it is not only dangerous to the occupants but to passers by, and concludes with a prayer that the court should order it to be taken down and the materials divided. It is also alleged that it is in such a state of dilapidation that it can not be repaired.

The allegations are all traversed by the answer, and the relief sought resisted.

The petition was dismissed on final hearing, and the plaintiffs below have appealed.

It appears from the deed that the parties themselves had then divided the house as nearly equal as it could be, by which recital appellants are estopped, unless there was fraud, or mistake in

the deed in reference thereto, neither of which is charged in the petition, and the claim for rent consequently could not be sustained.

The parties certainly, from the language of the deed, contemplated that it would be necessary to take the house down at some future period; but that is inferential, there is no positive stipulation in the deed that it shall be done at any particular time, and as to the necessity of doing it when the suit was instituted, although one witness is of opinion it would be prudent to repair it, still all concur that it is in a dilapidated, and unsafe condition and a maojrity of them express the opinion that it would be unprofitable, and a waste of means to attempt to repair it, and that the house is liable to fall, that the foundation has given away and that it is perhaps kept up by a frame at one end.

Under these circumstances the court below should have ordered the house to be taken down at the joint cost of the owners after giving the tenants reasonable time to secure residences elsewhere. The exceptions to Mrs. Joyce's deposition should have been sustained.

Wherefore the judgment is reversed and the cause is remanded with directions to enter judgment and for further proceedings consistent herewith.

*Cord, for appellants.*
*Andrews, for appellee.*